IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ATLANTIC STATES INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) PAMELA PITTS, *et al.*, ) ) ) Defendants. ) ) | CIVIL ACTION NO. 5:21-cv-371 (MTT) |

## ORDER

In this declaratory judgment action, Plaintiff Atlantic States Insurance Company ("Atlantic") seeks a declaration that it owes no duty to defend and indemnify Defendant Steven Ledbetter, an employee of Defendant Phil Sheridan Co. d/b/a Mid-Georgia Auto Sales Company ("Sheridan"), in an underlying lawsuit filed by Defendant Pamela Pitts. Doc. 1. Atlantic now moves for summary judgment on the grounds that that Ledbetter does not qualify as an "insured" under the policy issued to Sheridan. Doc. 24. For the reasons that follow, Atlantic's motion for summary judgment (Doc. 24) is **GRANTED**.

### I. BACKGROUND[1]

Pitts was involved in an automobile collision with Ledbetter on March 26, 2018. Doc. 24-2 ¶ 2. At the time of the collision, Ledbetter owned the vehicle he was driving.

---

[1] These facts are drawn from Atlantic's Statement of Material Facts which Ledbetter, Pitts, and Sheridan failed to contest, but only insofar as Atlantic's facts are adequately supported by specific citations to the record. *See* Fed. R. Civ. P. 56(e)(2) and (3); M.D. Ga. Local Rule 56. And despite the defendants' failure to respond to Atlantic's motion for summary judgment, the Court has still "review[ed] the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (citation and quotation marks omitted). If the evidence in the record shows that a fact is disputed, the Court draws all justifiable inferences in the defendants' favor for purposes of summary judgment.

Docs. 24-2 ¶¶ 4-6, 8; 22-2 at 12:25-13:1.  Pitts sued Ledbetter in the Superior Court of Sumter County for her injuries.  Doc. 24-2 ¶ 1.  The case was then transferred to the Superior Court of Oconee County, where Pitts sought to add Sheridan as a party "because it was discovered through Defendant Ledbetter's deposition that he was 'on the clock' at the time of the collision."  *Id.* ¶¶ 9-10.  According to Ledbetter's deposition testimony, he was using the vehicle to work for Sheridan at the time the collision occurred.  *Id.* ¶ 11.  As such, Pitts amended her complaint to seek damages from Sheridan under the doctrine of respondeat superior.  *Id.* ¶¶ 13-15.

Atlantic issued a commercial auto policy to Sheridan, which was effective at the time of the accident.  *Id.* ¶ 16.  Under the terms of the policy, Sheridan's "employee" is not an "insured" if the covered "auto" is owned by that "employee" or a member of his or her household.  *Id.* ¶¶ 18-19.  Seeking to enforce the "plain terms" of the policy, Atlantic filed this action seeking a declaration that Atlantic has no obligation to defend or indemnify Ledbetter against the claims asserted by Pitts in the underlying lawsuit because Ledbetter does not qualify as an insured.  Docs. 1 ¶ 30; 24-1 at 7.

## II. STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is not genuine unless, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party."  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant may support its assertion that a fact is undisputed by "citing to particular parts of

materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).  "When the *nonmoving* party has the burden of proof[2] at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Rather, "the moving party simply may 'show[ ]—that is, point[ ] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (alterations in original) (quoting *Celotex*, 477 U.S. at 324).  Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324).  The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50).  Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion.  Fed. R. Civ. P. 56(e)(2).  However, "[c]redibility determinations, the weighing of the evidence, and the drawing of

---

[2] Under Georgia law, the insured has the burden to prove that he suffered a loss covered by the policy. *Reserve Life Ins. Co. v. Davis*, 224 Ga. 665, 667, 164 S.E.2d 132, 133 (1968).  "That this case was brought as a declaratory judgment action does not alter the burden of proof." *Provident Life & Acc. Ins. Co. v. Futch*, 2008 WL 4724827, at *4 (S.D. Ga. Oct. 24, 2008).  Thus, Ledbetter bears the burden of proof in this case.

legitimate inferences from the facts are jury functions, not those of a judge…. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

"Insurance is a matter of contract and the parties are bound by the terms of the policy." *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 221, 231 S.E.2d 245, 249-50 (1976). In Georgia, the interpretation of an insurance policy is generally "a question of law," to which courts apply the "ordinary rules of contract construction." O.C.G.A. § 13-2-1; *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 269 Ga. 326, 327, 498 S.E.2d 492, 494 (1998). "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy." O.C.G.A. § 33-24-16. "Under the rules of contract construction, the policy is construed against the insurer as the drafter of the policy and any exclusions from coverage are strictly construed." *Pilz v. Monticello Ins. Co.*, 267 Ga. App. 370, 371-72, 599 S.E.2d 220, 221 (2004) (brackets omitted). "If the policy exclusions are unambiguous, they must be given effect 'even if beneficial to the insurer and detrimental to the insured.'" *Id*. at 372 (quoting *Jefferson Ins. Co. of N.Y. v. Dunn*, 269 Ga. 213, 216, 496 S.E.2d 696, 699 (1998)); *see also Fireman's Fund Ins. Co. v. Univ. of Ga. Athletic Ass'n, Inc.*, 288 Ga. App. 355, 356-57, 654 S.E.2d 207, 209 (2007); *Nationwide Mut. Fire Ins. Co. v. Somers*, 264 Ga. App. 421, 426, 591 S.E.2d 430, 435 (2003).

"[T]he insurer is obligated to defend where ... the allegations of the complaint against the insured are ambiguous or incomplete with respect to the issue of insurance coverage." *Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 565, 490

S.E.2d 374, 376 (1997).  "It is only where the complaint sets forth true factual allegations showing no coverage that the suit is one for which liability insurance coverage is not afforded and for which the insurer need not provide a defense."  *Id*.  "Where the claim is one of potential coverage, doubt as to liability and [the] insurer's duty to defend should be resolved in favor of the insured."  *Id*. (citation and quotation marks omitted).  "Though the duty to defend and the duty to indemnify are independent obligations and should generally be analyzed separately, the absence of a duty to defend is dispositive of the duty to indemnify."  *Travelers Indem. Co. of Connecticut v. Peachstate Auto Ins. Agency, Inc.*, 357 F. Supp. 3d 1259, 1264 (N.D. Ga. 2019) (citations omitted).

In relevant part, Atlantic's policy states the named insured is an "insured" for any covered "auto."  Doc. 24-2 ¶ 18.  Anyone else is a named insured if, with the named insured's permission, they use a vehicle the named insured owns, hires, or borrows.  *Id.* However, an "employee" is not an "insured" if the covered "auto" is owned by that "employee" or a member of his or her household.  *Id.*  Here, Atlantic issued the policy to Sheridan, and Sheridan is a named insured along with Mid-Georgia Sales Company.  *Id.* ¶¶ 16, 18.  According to Pitts's amended complaint in the underlying lawsuit, Ledbetter was an employee of Sheridan and acting within the course and scope of his employment at the time the accident occurred.  *Id.* ¶¶ 13-15.  Ledbetter, however, owned the vehicle at the time of the accident.  Docs. 24-2 ¶¶ 4-6, 8; 22-2 at 12:25-13:1. Because Ledbetter owned the vehicle he was operating at the time of the accident, the clear and unambiguous language of the policy does not cover Ledbetter as a named insured nor as a permissive user who qualifies as an "insured."  In other words, Ledbetter is specifically excepted from coverage under the policy.

## IV. CONCLUSION

Atlantic's motion for summary judgment (Doc. 24) is **GRANTED**. Accordingly, Atlantic has no obligation to defend or indemnify Ledbetter against the claims asserted by Pitts in the underlying lawsuit.[3]

**SO ORDERED**, this 5th day of December, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Because Ledbetter failed to defend, Atlantic filed a separate motion for default judgment against him. Doc. 27. Although superfluous, that motion (Doc. 27) is **GRANTED** for the same reasons discussed above.